IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Trexter L.,[1] | ) | Case No.: 1:20-cv-3364-JD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KILOLO KIJAKAZI,[2] | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges ("Report and Recommendation"), pursuant to Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff Trexter L. ("Plaintiff" or "Trexter") brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner" or "Defendant"), denying Plaintiff's claim for Supplemental Security Income ("SSI").

On October 31, 2016, Plaintiff filed an application for SSI in which he alleged his disability began on July 27, 2016. (DE 14 -3, Tr. pp. 181, 244–50.) His application was denied initially and upon reconsideration. (DE 14-4, Tr. pp. 183–86, 190–93.) On September 30, 2019, Plaintiff had a hearing before Administrative Law Judge ("ALJ") Ann Paschall. (DE 14-2, Tr. pp. 87–109.) The ALJ issued an unfavorable decision on November 1, 2019, finding that Plaintiff

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021; and therefore, he is substituted for Andrew Saul as the defendant in this suit.

1

was not disabled within the meaning of the Act. (DE 14-2, Tr. pp. 66–86.) Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (DE 14-2, Tr. pp. 2–7.) Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on September 23, 2020. (DE 1.)

The Magistrate Judge issued the Report and Recommendation on August 26, 2021, recommending the Commissioner's decision be affirmed. (DE 24). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference, and it is hereby **ORDERED** that the Commissioner's decision is AFFIRMED.

  **AND IT IS SO ORDERED.**

                   Joseph Dawson, III
                   United States District Judge

December 21, 2021
Greenville, South Carolina

3